# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-940
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
PAULETTE STUART,                              *
                                              *
                Petitioner,                   *   Filed: December 11, 2023
                                              *
v.                                            *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
                Respondent.                   *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Amber Wilson*, Wilson Science Law, Washington, DC, for Petitioner
*Camille Collett*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On August 4, 2016, Paulette Stuart ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from an autoimmune sensory ganglionopathy as a result of the influenza ("flu") vaccination she received on October 25, 2013. *See* Stipulation ¶ 2, 4, dated December 11, 2023 (ECF No. 119); *see also* Petition.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that petitioner sustained an autoimmune sensory ganglionopathy; denies that the flu vaccine caused her alleged injury or any other injury or condition; and denies that her current condition is a sequela of a vaccine-related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed December 11, 2023, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) a lump sum of $283,799.80, which amount represents compensation for first year life care expenses ($3,799.80), and combined lost earnings, pain and suffering, and past unreimbursable expenses ($280,000.00), in the form of a check payable to petitioner;

b) A lump sum of $14,022.66, representing reimbursement of a Medicaid lien for services rendered to petitioner by the New York City Department of Social Services, in the form of a check payable jointly to petitioner and:

> New York City Department of Social Services
> New York City Human Resources Administration
> Division of Liens and Recovery
> P.O. Box 414799
> Boston, MA 02241-4799
> Case # 980852

Petitioner agrees to endorse this check to the New York City Department of Social Services.

c) An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAULETTE STUART,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 16-940V<br>Special Master Oler<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Paulette Stuart, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on October 25, 2013.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered an autoimmune sensory ganglionopathy that was caused-in-fact by the flu vaccine, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained an autoimmune sensory ganglionopathy; denies that the flu vaccine caused her alleged injury or any other injury or condition; and denies that her current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $283,799.80, which amount represents compensation for first year life care expenses ($3,799.80), and combined lost earnings, pain and suffering, and past unreimbursable expenses ($280,000.00), in the form of a check payable to petitioner;
>
> b. A lump sum of **$14,022.66**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the New York City Department of Social Services, in the form of a check payable jointly to petitioner and:
>
> > New York City Department of Social Services
> > New York City Human Resources Administration
> > Division of Liens and Recovery
> > P.O. Box 414799
> > Boston, MA 02241-4799
> > Case # 980852

Petitioner agrees to endorse this check to the New York City Department of Social Services.

> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the New York City Department of Social Services may have against any individual as a result of any Medicaid payments the New York City Department of Social Services has made to or on behalf of Paulette Stuart as a result of her alleged vaccine-related injury suffered on or about October 25, 2013, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

2

"Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Paulette Stuart, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

   a. For future unreimbursable Medicare Part B Premium, beginning on the first anniversary of the date of judgment, an annual amount of $1,978.80 to be paid up to the anniversary of the date of judgment in year 2036, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

   b. For future unreimbursable Specialist Care, Gabapentin, Baclofen, Cyclobenzaprine, and Duloxetine expenses, beginning on the first anniversary of the date of judgment, an annual amount of $221.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

   c. For future unreimbursable Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,600.00 to be paid up to the third anniversary of the date of judgment. Thereafter, beginning on the third anniversary of the date of judgment, an annual amount of $320.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

3

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Paulette Stuart, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Paulette Stuart's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 25, 2013, as

alleged by petitioner in a petition for vaccine compensation filed on or about August 4, 2016, in the United States Court of Federal Claims as petition No. 16-940V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services petitioner sustained an autoimmune sensory ganglionopathy injury; that the flu vaccine caused any other injury; or that her current condition is a sequela of a vaccine-related injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Paulette Stuart*
PAULETTE STUART

**ATTORNEY OF RECORD FOR PETITIONER:**

AMBER WILSON, Ph.D., ESQ.
Wilson Science Law
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 709-3379
E-mail: awilson@wilsonsciencelaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by Henry P. Mcmillan -S5
Digitally signed by Henry P. Mcmillan -S5
Date: 2023.11.27 17:05:28 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098
Email: Camille.M.Collett@usdoj.gov

Dated: 12/11/2023