# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-940V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| PAULETTE STUART, | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Katherine E. Oler |
| v. | * | |
| | * | Filed: July 12, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Amber Diane Wilson,* Wilson Science Law, Washington, DC, for Petitioner.
*Camille Michelle Collett,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 4, 2016, Paulette Stuart ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from pain, upper and lower extremity burning, numbness, and difficulty ambulating as a result of the influenza vaccination she received on October 25, 2013. *Id*. at 1. On December 11, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on that same day. (ECF No. 120).

On February 1, 2024, Petitioner filed an application for final attorney's fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Fees App.") (ECF No. 125). Petitioner requests total attorney's fees and costs in the amount of $66,615.84, representing $39,178.20 in attorney's fees and $27,437.64 in attorney's costs. Fees App. at 1. Respondent responded to the motion on February 2, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorney's fees and costs." Resp't's Resp. at 3-4 (ECF No. 126). Petitioner filed her reply on February 9, 2024, requesting the requested fees and costs be awarded in full. (ECF No. 127).

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Reasonable Hourly Rates

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of

Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates of compensation for her attorney Amber Wilson: $378.00 per hour for work performed in 2021, $427.00 per hour for work performed in 2022, $454.00 per hour for work performed in 2023, and $476.00 per hour for work performed in 2024. Ex. 127 at 1-12. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. *See, e.g.*, *Munoz v. Sec'y of Health & Hum. Servs.*, No. 21-1369V, 2024 WL 2730966, at *3 (Fed. Cl. Spec. Mstr. May 1, 2024); *Rivera v. Sec'y of Health & Hum. Servs.*, No. 22-1310V, 2023 WL 4312968, at *2 (Fed. Cl. Spec. Mstr. June 6, 2023); *Cerrone v. Sec'y of Health & Hum. Servs.*, No. 17-1158V, 2022 WL 3369712, at *3 (Fed. Cl. Spec. Mstr. July 20, 2022).

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $39,178.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,437.64 in attorneys' costs: $25,532.53 for expert costs and $1,905.11 for postage and travel. Petitioner provided documentation of the expert costs, postage, and travel expenses. I

---

[3] The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf.
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf.
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf.
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

find the costs for these items reasonable, and award them in full. I discuss the costs for Petitioner's experts below.

1. Petitioner's Expert Costs for Rohit Bakshi, M.D., M.A.

Petitioner requests $4,500.00 for work performed by Dr. Bakshi. Fees App., Ex. 127 at 13. He requests an hourly rate of $1,500.00 for three hours of work reviewing medical records and preparing a written report. *Id.* In one previous case from 2017, Dr. Bakshi was awarded this rate given his expertise as a neuroradiologist. *See Swintosky v. Sec'y of Health & Hum. Servs.*, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017). There are no other fees decisions that discuss Dr. Bakshi's rates, which are arguably much higher than other expert rates in the Program. However, as another special master has discussed in a fees decision, higher rates are deemed reasonable when an expert demonstrates a specific expertise. *See Nwala v. Sec'y of Health & Hum. Servs.*, No. 16-923V, 2019 WL 2005751, at *4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019) (citing Dr. Bakshi's $1,500 per hour rate as an example when experts are awarded above the $500 per hour rate). Given that Dr. Bakshi only spent three hours on the case, I find the overall costs associated with his work to be reasonable. Accordingly, I shall fully reimburse the costs requested by Dr. Bakshi.

2. Petitioner's Expert Costs for Gary Golkiewicz

Petitioner requests $12,232.53 for work performed by former Chief Special Master Gary Golkiewicz for his mediation services. Fees App., Ex. 127 at 29-30. Mr. Golkiewicz's request reflects 45.5 hours of work at a rate of $464 per hour for time spent meeting with the parties, discussing and drafting settlement offers, and travelling for the settlement meetings.[4] Mr. Golkiewicz has previously been awarded this rate in the past. *See Blair v. Sec'y of Health & Hum. Servs.*, No. 19-894V, 2022 WL 17852432, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2022). After review of his invoice, the hours are justified and the undersigned finds these costs to be reasonable and shall fully reimburse them.

3. Petitioner's Expert Costs for Occupational Assessment Services, Inc.

Petitioner requests $8,800.00 for work performed by vocational experts at Occupational Assessment Services, Inc. (hereinafter "OAS").[5] The invoice notes a retainer of $7,000.00 paid on January 23, 2023. Ex. 127 at 15. OAS then charges $800.00 for a "voluminous records charge," and a single rate of $8,000.00 for a vocational evaluation of the Petitioner. *Id.* After review of the invoice, the hours are justified and the undersigned finds these costs to be reasonable and shall

---

[4] 45.5 total hours of work performed at the rate of $464.00 is $21,112.00. However, the parties agreed to pay 50 percent of the mediator's fees, so Petitioner's requested total is 10,556.00. Fees App., Ex 127 at 32. In addition, Petitioner owes $1,676.53 in mediator's costs. Thus, the total amount Petitioner owes for services is $12,232.53.

[5] Petitioner's counsel only referred to the abbreviation of OAS in its Motion, and after further research the Court was able to find the vocational services referenced by Petitioner. Petitioner's counsel is reminded to supply such information upon her initial Motion for fees in future matters and explain the services provided by the obtained experts.

fully reimburse them.

        4. <u>Miscellaneous costs</u>

Petitioner requests $1,905.11 in miscellaneous costs. This amount is comprised of postage and travel expenses. Fees App. at 13-14. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

I award Petitioner a total of **$27,437.64** in attorney's costs.

## II. Conclusion

Accordingly, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$66,615.84** representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Amber Diane Wilson. The check shall be forwarded to Wilson Science Law, 1629 K Street NW, Ste 300, Washington, DC 20006.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

    **IT IS SO ORDERED.**

                                         **/s/ Katherine E. Oler**
                                         Katherine E. Oler
                                         Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.